IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:                                *

HOLIDAY ISLE, LLC,                    *     Case No. 10-03365

    Debtor.                           *

**MOTION FOR RELIEF FROM STAY BY RBC REAL ESTATE FINANCE INC.**

**YOU MAY NEED TO FILE A RESPONSE TO THIS DOCUMENT WITHIN 10 DAYS FROM THE DATE YOU RECEIVE IT. PLEASE CONSULT AN ATTORNEY OR OBTAIN A COPY OF LOCAL RULE 4001 FROM THE BANKRUPTCY COURT, 201 ST. LOUIS STREET, MOBILE, ALABAMA 36602, (251) 441-5391.**

    RBC Real Estate Finance Inc. ("RBC REFI"), the secured creditor in the above-styled case, hereby moves the Court, pursuant to §362(b) of the Bankruptcy Code, for an order terminating the automatic stay with respect to the real property owned by the Debtor and other collateral subject to the mortgage and other loan documents of RBC REFI, and in support of this motion states the following:

    1. The Debtor previously filed a Chapter 11 proceeding on October 23, 2008, Case No. 08-14135.

    2. By Order dated January 8, 2009, the Court determined that the Debtor is a "single asset real estate" entity, pursuant to the provisions of 11 U.S.C. §101(51B).

    3. The Debtor proposed a Plan of Reorganization, and amended that Plan several times before the Court confirmed the Plan by Order dated November 3, 2009. Debtor projected, and committed to, a certain level of sales contracts and closings per month. Exhibit "A" to the Plan, as amended, set forth a schedule of proposed sales, beginning in November 2009. The Plan default provision ( in essence, a "drop dead" provision expressly required by the Court as a

condition to confirmation of the Plan) stated.

> In the event the Debtor fails to present a signed sales contract for the number of sales of Debtor's units projected on Exhibit A for a specified month at a price equal to or greater than the prices set out on the Minimum Release Price Schedule or fails to close any such sale by the end of the succeeding month, the Debtor shall be in Sales Default under the provisions of this Plan.

HI's Restated Amended and Modified Plan of Reorganization, 10/30/09, p. 8, ¶4.1. The Debtor has failed to meet its sales projections and has been in default every month since the plan was confirmed.

4. As a result of Debtor's defaults under its confirmed plan, RBC REFI commenced foreclosure proceedings, with a sale set for July 23, 2010 (which has now been postponed to August 27, 2010). On the day of the scheduled sale Debtor filed this second Chapter 11 case.

5. The Debtor developed and built a condominium project in Mobile County, Alabama, known as "Holiday Isle." The legal description of the subject property is described as follows:

> Beginning at the Northeast corner of Block W-T, 1953 Subdivision of Dauphin Island, Alabama, according to plat recorded in Map Book 7, Pages 1-21 of the Probate Court Records of Mobile County, Alabama, said point being on the South right of way line of Bienville Boulevard (150 foot R/W); thence South 00 degrees 13 minutes 08 seconds West a distance of 200.00 feet to the Southeast corner of said Block W-T; thence along the South line of said Block W-T run North 89 degrees 41 minutes 40 seconds West a distance of 665.00 feet to a point; thence run North 00 degrees 13 minutes 08 seconds East a distance of 200.00 feet to a point on the aforementioned South right of way line of Bienville Boulevard, thence along said South right of way line of Bienville Boulevard run South 89 degrees 41 minutes 40 seconds East, a distance of 665.00 feet to the point of beginning, containing 3.0533 acres more or less, all of which is the subject of that certain Declaration of Condominium of Holiday Isle dated April 6, 2007, including the Plat and Plans therefor attached to said Declaration as Exhibit "A" and made a part thereof, recorded on April 9, 2007, in Book 6162, Page 392 in the Mobile County, Alabama

Probate Court records (collectively the "Declaration"), and more particularly described as follows:

Units 100, 102, 104, 105, 106, 115, 117, 118, 119, 120, 121, 122, 207, 208, 209, 214, 216, 305, 308, 310, 313, 316, 318, 321, 402, 404, 407, 411, 413, 414, 417, 418, 419, 420, 501, 503, 504, 505, 506, 507, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 602, 603, 604, 605, 606, 607, 609, 610, 613, 614, 615, 617, 618, 619, 620, 621, 703, 704, 705, 706, 707, 708, 709, 710, 711, 712, 713, 714, 716, and 720 together with the undivided interest in the Common elements allocated to said Units as provided in the Declaration.

**LESS AND EXCEPT THE FOLLOWING CONDOMINIUM UNITS IDENTIFIED IN THE DECLARATION WHICH HAVE BEEN PREVIOUSLY SOLD:**

Units 101, 103, 107, 108, 116, 201, 202, 203, 204, 205, 206, 215, 217, 218, 219, 220, 221, 222, 301, 302, 303, 304, 306, 307, 309, 311, 312, 314, 315, 317, 319, 320, 322, 401, 403, 405, 406, 408, 409, 410, 412, 415, 416, 421, 422, 502, 508, 521, 522, 601, 608, 611, 612, 616, 622, 701, 702, 715, 717, 718, 719, 721, and 722, together with the undivided interest in the Common elements allocated to said Units as provided in the Declaration.

(hereinafter the "Property").

6. The Debtor recorded a declaration of condominium with respect to the property, and developed and built 144 residential condominium units in the structure.

7. The Debtor executed and delivered to AmSouth Bank a Mortgage and Security Agreement on or about May 19, 2005, and subsequently executed and delivered other loan documents. The Mortgage and Security Agreement secured a promissory note of same date in the original principal amount of $49,850,000.00.

8. The Mortgage, Security Agreement, Promissory Note, and other loan documents were acquired from Regions Bank, successor in interest to AmSouth Bank, by RBC Bank (USA), formerly known as RBC Centura Bank, and have subsequently been assigned to RBC REFI. RBC REFI is properly perfected as to the above described real and personal property of the

3

Debtor.

9. The subject loan became due and payable on March 16, 2008. The loan was modified by the terms of the Debtor's confirmed Chapter 11 plan in the prior case. Pursuant to the terms of the confirmed Plan, the Debtor is in "Sales Default" as a result of its inability to meet the required sales and closing quotas set forth in the Plan. This Sales Default also constitutes an "Event of Default" under the Mortgage and other loan documents, and RBC REFI commenced a foreclosure proceeding, with a foreclosure sale scheduled for July 23, 2010 (which has been postponed to August 27, 2010). As of July 23, 2010, the balance of the loan is $21,292,455.39, including principal of $16,641,344.36, and accrued interest is $3,316,698.22. In addition attorney's fees in the approximate amount of $624,998.87, and late fees and other expenses in the amount of $709,414.04 have been incurred.

10. The Debtor has no equity in the property the Property, the Property is not necessary to an effective reorganization, and the Debtor has no reasonable likelihood of proposing a Chapter 11 plan that has a reasonable likelihood of being confirmed. The Debtor is already in default under a confirmed Chapter 11 plan.

11. The Debtor has failed to adequately protect the interest of RBC REFI in the subject property and other collateral.

12. The Debtor's property is single asset real estate as defined in §101(51B), and the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time, nor has the Debtor commenced monthly payments of interest, as required by the provisions of §362(b)(3).

13. Cause exists for terminating the automatic stay, including the Debtor's lack of good faith in the filing of the petition in this case.

WHEREFORE, RBC REFI requests that the Court, after notice and a hearing, grant relief from the automatic stay and enter an order terminating the automatic stay with respect to the Property and with respect to the other collateral, so that RBC REFI may proceed with all of its remedies under the applicable loan documents and under state law, and further enter an order enjoining the Debtor from filing a case under Chapter 7 or 11 for a period of 90 days, and or entering the relief from stay order *in rem* as to the subject property, and such other and further relief as is just.

/s/ W. Alexander Gray, Jr.
W. Alexander Gray, Jr.

SILVER, VOIT & THOMPSON
Attorneys at Law, P.C.
4317-A Midmost Drive
Mobile, AL 36609-5589
Telephone: 251/343-0800
Fax: 251/343-0862
E-mail: lvoit@silvervoit.com
LS-7621-12959/mm

Attorneys for RBC Real Estate Finance, Inc.

5

CERTIFICATE OF SERVICE

       I, W. Alexander Gray, Jr., do hereby certify that I have served a copy of the foregoing pleading upon Irvin Grodsky, P.O. Box 3123, Mobile, Alabama 36652, Donald J. Stewart, Cabaniss, Johnston, Gardner, Dumas & O'Neal, 700 Riverview Plaza, Mobile, Alabama 36602 and Travis M. Bedsole, Jr., U.S. Bankruptcy Administrator, P.O. Box 3083, Mobile, Alabama 36652-3083, via U.S. mail, properly addressed and first class postage prepaid, or via electronic notice, as applicable, on this the 23rd day of July, 2010.

                                      /s/ W. Alexander Gray, Jr.
                                      W. Alexander Gray, Jr.