IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | * |
| | *   CASE NUMBER |
| HOLIDAY ISLE, LLC, | *   10-03365 |
| | * |
| Debtor. | * |

## PETITION TO SELL UNIT 518 OF HOLIDAY ISLE CONDOMINIUMS FREE AND CLEAR OF LIENS AND TO USE CASH PROCEEDS IN SPECIFIED MANNER

Debtor, Holiday Isle, LLC, petitions the Court for authorization to sell Unit 518 of Holiday Isle Condominiums located at 1601 Bienville Boulevard, Holiday Isle Condominium, Dauphin Island, Alabama 36528, to Thomas E. Holmes, free and clear of liens, for $270,000.00, and for authorization to use the proceeds of the sale to pay Debtor's share of closing costs including those costs and expenses appearing on the Purchase Contract, to pay the Revenue Commissioner Debtor's share of ad valorem taxes on said condominium, to pay 85% of the net cash proceeds to RBC Real Estate Finance Inc. to be applied to the debt owed by Debtor that is secured by all condominium units owned by Debtor at Holiday Isle Condominiums, to pay into escrow from Debtor's 15% of the net proceeds the Chapter 11 Quarterly Fees calculated on the cash portion of the sales proceeds, and to retain the balance, if any, of the cash proceeds to be used for operating expenses and in support Debtor-in-Possession states the following:

1.  On July 23, 2010, Debtor filed a Petition for Relief under Chapter 11 of the U.S. Bankruptcy Code (the "Filing Date"). The Debtor is serving as Debtor-in-Possession.

2.  The Debtor continues to manage its property and operate its business as Debtor in Possession pursuant to Sections 1107 and 1108.

3. An Official Committee of Unsecured Creditors has not been appointed pursuant to Section 1102 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

4. Debtor is engaged in the business of selling the condominium units it owns at the Holiday Isle Condominiums at Dauphin Island, Alabama. Debtor is serving as the Debtor-In-Possession and has all of the rights and powers of a Trustee under the Bankruptcy Code.

5. At the time of the filing of Debtor's Chapter 11 proceeding, Debtor owned 81 condominium units located at Holiday Isle Condominiums, 1601 Bienville Boulevard, Dauphin Island, Alabama 36528, subject to a first mortgage in favor of RBC Real Estate Finance Inc.

6. Debtor has received an offer to purchase Unit 518 of Holiday Isle Condominiums for the sum of $270,000.00 from Thomas E. Holmes, free and clear of liens. A copy of the Purchase Agreement is attached hereto.

7. From the sales proceeds, Debtor proposes to pay its share of closing costs, to pay the Revenue Commissioner Debtor's share of the ad valorem taxes on said unit, to pay 85% of the net cash proceeds to RBC Real Estate Finance Inc. to be applied to the debt, to pay into escrow from the remaining 15% of the net proceeds the Chapter 11 Quarterly Fees calculated on the cash portion of the sales proceeds, and to retain the balance of the cash proceeds to be used for operating expenses, subject to the lien of RBC Real Estate Finance Company Inc. Debtor's share of said net proceeds will be used only in accordance with previous and future orders authorizing Debtor's use of cash collateral.

8. Debtor is of the opinion that the sale of said property under these circumstances and the use of the proceeds as described, is in the best interest of all creditors for that it will allow Debtor to continue to conduct business and generate revenues to fund its Chapter 11 Plan.

WHEREFORE, Debtor prays for an Order authorizing it to sell Unit 518 of Holiday Isle Condominiums located at 1601 Bienville Boulevard, Holiday Isle Condominium, Dauphin Island, Alabama 36528, to Thomas E. Holmes, free and clear of liens, for $270,000.00 in accordance with the terms of the Purchase Agreement attached hereto, and for authorization to use the proceeds of the sale to pay Debtor's share of closing costs, to pay the Revenue Commissioner Debtor's share of the ad valorem taxes owed on said unit, to pay 85% of the net cash proceeds to RBC Real Estate Finance Inc. to be applied to the debt owed by Debtor secured by all condominium units owned by Debtor at Holiday Isle Condominiums, to pay into escrow from Debtor's 15% of the net proceeds the Chapter 11 Quarterly Fees calculated on the cash portion of the sales proceeds, and to retain the balance, if any, of the cash proceeds to be used for operating expenses and for such other and different relief as may seem and proper.

HOLIDAY ISLE, LLC

BY:/s/Paul Charles Wesch
THE MITCHELL COMPANY, INC.
By: Paul Charles Wesch
As Its Executive Vice-President
Its Managing Member

/s/Irvin Grodsky
IRVIN GRODSKY
Attorney for Debtor
Post Office Box 3123
Mobile, Alabama 36652
(251) 433-3657

### CERTIFICATE OF SERVICE

On this the 26th day of July, 2010, I hereby certify that the above and foregoing document has been served via United States Mail, properly addressed and first-class postage prepaid or court electronic mailing on the following:

Travis M. Bedsole, Jr., Esq.
Bankruptcy Administrator
Post Office Box 3083
Mobile, Alabama 36652-3083


/s/ Irvin Grodsky
IRVIN GRODSKY

 **PURCHASE AGREEMENT** 

This contract constitutes the sole agreement between the parties hereto and any modifications of this contract shall be signed by all parties to this agreement. No representation, promise, or inducement not included in this contract shall be binding upon any party hereto. If you have any questions, seek legal and/or tax advice.

**AGENCY DISCLOSURE:**

The listing company __ACP__ is: (Two blocks may be checked)
☐ An agent of the seller.
☐ An agent of the buyer.
☐ An agent of both the seller and the buyer and is acting as a limited consensual dual agent.
☒ Assisting the ____ buyer ✓ seller as a transaction broker.

The selling company __ACP__ is: (Two blocks may be checked)
☐ An agent of the seller.
☐ An agent of the buyer.
☐ An agent of both the seller and the buyer and is acting as a limited consensual dual agent.
☒ Assisting the ✓ buyer ____ seller as a transaction broker.

SELLER(S) INITIALS _____    BUYER(S) INITIALS _____

**BUYER'S OFFER** DATE 6-16-2010 @ (AM/PM)
1. THE UNDERSIGNED, HEREINAFTER CALLED THE BUYER, HEREBY OFFERS TO BUY THE PROPERTY LOCATED IN _____, ALABAMA, COMMONLY KNOWN AS 1601 Bienville Blvd Condo 518
AND LEGALLY DESCRIBED AS: _____
SUBJECT TO ANY EXISTING BUILDING AND USE RESTRICTIONS, PREVIOUS MINERAL EXCLUSIONS, ZONING ORDINANCES AND EASEMENTS, IF ANY, FOR THE SUM OF Two hundred fifty nine thousand
$ 259,000 ) Dollars
2. THE TERMS OF THE PURCHASE SHALL BE AS INDICATED BY "X" BELOW. UNMARKED TERMS DO NOT APPLY. (IF FAIRHOPE SINGLE COLONY PROPERTY, A BILL OF SALE WILL BE PROVIDED IN LIEU OF WARRANTY DEED.)

CASH ☐ The full purchase price upon execution and delivery of a full Warranty Deed by the Seller. The Buyer shall pay closing fee and recording fee.

NEW MORTGAGE ☒ The full purchase price upon execution and delivery of a full Warranty Deed by the Seller contingent upon the Buyer's ability to obtain a _15_ YEAR C_o_n_v_ TYPE mortgage in the amount of approximately $ 207,200 PLUS ☐ PMI, ☐ MIP, ☐ VA FUNDING FEE, ☐ CLOSING COST AT AN INTEREST RATE NOT TO EXCEED _6_ % or market rate if not locked in at the time of application. The Seller shall have the option to cancel this contract if the Buyer fails to apply for a mortgage loan within _3_ business days after the date of acceptance of this offer. Credit report fee shall be paid by Buyer at time of application and ordered immediately. Appraisal fee shall be paid by Buyer at time of application. Buyer shall direct lender to order appraisal immediately upon receipt of credit report satisfactory to lender and removal of the professional inspection contingency should one apply. THIS OFFER IS CONTINGENT ON THE PROPERTY APPRAISING FOR AT LEAST THE PURCHASE PRICE. The Buyer shall pay all loan closing costs, unless otherwise noted, including prepaid items, unless not allowed by FHA/VA regulations. The Seller shall make repairs or replacements as required by appraisal, or for mortgage loan purposes, NOT TO EXCEED $ 500 , but not including possible repairs as may be required by paragraphs 4 and 8 below.

VENDOR'S LIEN DEED ☐ $ N/A upon execution and delivery of a full Warranty Deed by the Seller reserving a Vendor's Lien wherein the balance of $ N/A shall be payable in $ N/A N/A installments of $ N/A including interest at N/A % per annum, the first payment to become due 30 days after N/A . No penalty for prepayment privileges. The Buyer to pay closing fees and recording fee. The Vendor's Lien ☐ SHALL ☐ SHALL NOT be assumable without written consent of the lien holder, and the Vendor's Lien/Note ☐ SHALL ☐ SHALL NOT contain a late charge provision of N/A % of an installment when paid more than N/A days after due date thereof. Set up fee and note collection fee, if any, to be paid by the ☐ BUYER ☐ SELLER. The Vendor's Lien shall require the Buyer to promptly pay ad valorem taxes and to furnish insurance coverage in an amount not less than Vendor's Lien retained on buildings and improvements, with standard mortgagees clause naming the Seller as a loss payee, with the Buyer to supply first year insurance policy at closing. The Buyer ☐ SHALL ☐ SHALL NOT provide a credit report satisfactory to and approved in writing by the Seller within N/A business days of the acceptance of this agreement. The Vendor's Lien/Note ☐ SHALL ☐ SHALL NOT provide for a balloon payment due N/A .

3. BUYER IS AWARE THAT PROFESSIONAL INSPECTION(S), including but not limited to hazardous substances, of home, structure and systems, and any other items of importance to the Buyer are available, by a representative of the Buyer's choosing. The sale ☐ IS ☐ IS NOT contingent on said inspection, satisfactory to the Buyer. If sale is contingent on said inspection, the Buyer agrees to pay for same, and if said inspection is found to be unsatisfactory to the Buyer, the Seller is to be notified in writing within _7/4_ business days of acceptance of this agreement. Otherwise, this contingency will be considered removed at the expiration of such period. The Seller is not obligated to pay for any repairs recommended by such professional inspection, except as may be required by other provisions of this purchase agreement. If this offer is contingent on a professional inspection, the appraisal, if any, shall be ordered immediately upon the removal of this contingency. Buyer has been given the opportunity to have such an inspection and hereby declines _____ BUYER(S) INITIALS.
4. THE BUYER ACCEPTS THIS PROPERTY IN ITS AS IS CONDITION, except as may be specified herein. HEATING, COOLING AND AIR CONDITIONING EQUIPMENT INCLUDING ANY WINDOW UNITS, PLUMBING and ELECTRICAL SYSTEMS and all INCLUDED APPLIANCES shall be warranted by the Seller to be in working order at time of conveyance. Buyer is to be responsible for inspection of same prior to conveyance. The Buyer may be requested to sign a final walk-thru/systems check inspection form, indicating that the inspection was completed and that the property was acceptable, unless otherwise noted on such form. The Buyer understands that if Realtor accompanies the Buyer on this final inspection it will be as a courtesy only and not as a person qualified to detect any defects. _____

Seller(s) Initials _____    Buyer(s) Initials _____

PAGE 1 OF 3                                                                       Revised 4/07

# PURCHASE AGREEMENT (PAGE 2)

PROPERTY ADDRESS: 1601 Bienville Blvd condo #518

5. PROVIDING UTILITY AVAILABILITY, if necessary, for any and all inspections is the responsibility of the ☐ BUYER ☑ SELLER.
6. A HOME WARRANTY subject to limitations, exclusions and deductibles ☑ SHALL ☐ SHALL NOT be provided. If provided, Home Warranty shall be ordered by _Mobley Title LLC_ Realtors through _Stewart Surry_ Warranty Company at the expense of ☐ BUYER ☐ SELLER. Buyer has been given the opportunity to have such coverage and hereby declines _____ BUYER(S) INITIALS.
7. ALL IMPROVEMENTS AND APPURTENANCES ARE INCLUDED IN THE PURCHASE PRICE, including if now in or on the property, the following: lighting fixtures and their shades, ceiling fans, drapery hardware and curtain hardware, window shades and blinds, window and door screens, stationary laundry tubs, water heater, smoke detectors, carbon monoxide detectors, built-in security systems, TV antenna, satellite dish, mailbox, remote control garage door opener(s), water pump and pressure tank, built-in kitchen appliances including garbage disposal, central vac attachments, gas logs and related equipment, attached gas grill, awnings, all plantings, and heating and air conditioning equipment including any window units. The Seller shall provide to the buyer or selling broker at closing at least one (1) door key to each separately keyed exterior door of dwelling and outbuilding(s). Exceptions for leased equipment: _____

NO ITEMS OF PERSONAL PROPERTY SHALL BE TRANSFERRED TO THE BUYER UNLESS SPECIFICALLY ITEMIZED HEREIN:

Personal property / free-standing appliances that remain are of NO VALUE for appraisal and mortgage loan purposes unless otherwise noted.
8. THE SELLER AGREES TO FURNISH AT SELLER'S EXPENSE, AN ALABAMA WOOD INFESTATION REPORT from a bonded and licensed termite control company stating that a visual inspection of accessible areas of the dwelling and garage and/or carport and any detached buildings given value by appraisal indicates there is no visible sign of active infestation by wood destroying insects or fungus. This is not a structural damage report nor a warranty as to the absence of wood destroying insects or fungus. If a lender requires a structural inspection due to a finding of previous or present infestation and/or damage, such inspection shall be at Seller's expense and shall be satisfactory to Buyer and lender; or if not required by lender, Buyer may order such structural inspection at Buyer's expense, satisfactory to Buyer. The current termite contract, if any, is to be kept current by the Seller and transferred to the Buyer if allowed by termite company at the expense of the ☐ BUYER ☐ SELLER at a cost not to exceed $ _N/A_. If active infestation and/or fungus is reported, treatment of the entire dwelling may be required unless property is under a current termite contract in which case a re-treatment of the affected area will be permitted. If new construction, a soil treatment letter is acceptable in lieu of inspection.
9. ALL AD VALOREM TAXES, any Homeowners Association Fees, and any rents being collected from existing tenants to be prorated at time of closing. Subject to the terms of any existing lease, the lease agreements and security/damage deposits, if applicable, will be transferred to the Buyer at closing. NOTE: Taxes are prorated based upon current information furnished by the Revenue Commissioner's Office. Realtors cannot and do not assume any responsibility for any change, modification or adjustment to the current tax assessment by the Revenue Commissioner's Office.
10. LIENS FOR PUBLIC IMPROVEMENTS shall be paid by the Seller without proration. Assessments for public improvements not yet a lien shall be assumed by the Buyer.
11. AN OWNER'S POLICY OF TITLE INSURANCE in the amount of the purchase price is to be furnished by the Seller. Risk of loss by fire or other casualty shall be on the Seller until title is conveyed.
12. A NEW SURVEY shall be paid for by ☐ BUYER ☐ SELLER and ordered by ☐ LISTING BROKER ☐ SELLING BROKER. Buyer has been given the opportunity to get a new survey and hereby declines _TH_ BUYER(S) INITIALS.
13. SALE TO BE CLOSED within _____ days after all necessary documents are ready, no sooner than _____, nor later than _August 16th_, 2010
TITLE TO BE TAKEN IN THE NAME(S) of _Thomas E Holmes_
☑ WITH ☐ WITHOUT Right of Survivorship.
14. A FURTHER PERIOD OF FIVE (5) DAYS shall be allowed for closing if: (A) the closing is delayed by reason of title defects which can be readily corrected, or (B) the terms of purchase requires a new mortgage, and the lender issues an unconditional written commitment no later than the end date in paragraph 13 above, but is delayed in consummating the mortgage.
15. POSSESSION TO BE GIVEN ☑ AT CLOSE ☐ _N/A_ DAYS AFTER CLOSE OF SALE, AT _N/A_ (AM/PM) ☐ WITH ☐ WITHOUT payment of rent by the Seller for any portion of property occupied by the Seller prior to this date and paid as follows: _N/A_
16. THIS OFFER SHALL REMAIN OPEN UNTIL _6/18/2010_ (am/pm) on _5pm_, and if not properly accepted and delivered, shall be void. Buyer deposits $ _1000.00_ as earnest money to be deposited by the Selling Broker upon acceptance of this offer and to be applied against the purchase price at closing. If the offer/counteroffer is not accepted, the earnest money shall be returned to Buyer without Seller's signature. If for any reason the transaction is not consummated or if there is a disagreement involving to whom the earnest money should be disbursed, Broker is required by law to obtain a written agreement signed by Buyer and Seller before disbursement of earnest money. If such written agreement signed by Buyer and Seller cannot be obtained, Broker may interplead such funds into court, with Broker's attorneys fees and costs for the interpleader action to be deducted therefrom. In the event of Buyer's default, Seller may elect to retain such deposit as liquidated damages or as part payment of the purchase price and pursue Seller's available remedies against the Buyer. In the event of Seller's default, Buyer may pursue available remedies against the Seller.
17. THE PURCHASE PRICE AND TERMS OF THIS SALE MAY BE DISCLOSED after closing to the members and affiliate members of the Mobile Area Association of REALTORS, Inc., or the GULF COAST MLS, INC., or other applicable MLS, for use in the ordinary conduct of their business. REALTORS may benefit financially as a result of recommending real estate related services to clients and customers. REALTORS ARE NOT PRINCIPALS AND ARE NOT TO BE HELD LIABLE FOR ANY CONDITIONS OR NON-PERFORMANCE OF THIS AGREEMENT NOR HAVE THEY GIVEN ANY LEGAL OR TAX ADVICE.

Seller(s) Initials _____     Buyer(s) Initials _TH_

PAGE 2 OF 3                                          Revised 4/07

# PURCHASE AGREEMENT (PAGE 3)

PROPERTY ADDRESS: 1601 Pickville Blvd condo #518

18. ADDENDUMS INDICATED ARE INCLUDED as part of this agreement: LEAD-BASED PAINT DISCLOSURE _____, OTHER(S) _____

19. Other provisions: Buyer has received a copy of Condominium Documents. Seller to pay up to 3% of sales price toward's closing costs. Seller will pay 12 months of H.O.A dues. Seller to replace master bedroom carpet (Hole + stain).

20. THE BUYER ACKNOWLEDGES that Buyer has read this entire agreement including all addendums, if any, which are made part of this purchase agreement and has received copies thereof.

Buyer X: Thomas E Holmes    Print Name: Thomas E Holmes

Buyer X: _____    Print Name: _____

Buyer's Address: 222 Clay Drive Hayden, AL 35979    Phone: 256-352-5025

Witness X: _____    Realtor: Jevelene Gunter    Phone (Off) 251 841-2311    (Other) 251 856-1880

**SELLER'S ACCEPTANCE OF OFFER**    Date: June 16, 2010 @ 4:00 (AM/PM) CDT

21. THE ABOVE OFFER IS HEREBY ACCEPTED except price to be $210,000.00 Seller will not contribute to Buyer's closing costs. Seller will replace carpet in master bedroom ~~upon inspection by Seller and verification that a hole exists in the carpet as well as a bleach spot in the carpet~~. Seller to pay six (6) months HOA dues for Buyer at time of close.

Verified PW

IN THE EVENT A COUNTEROFFER is made, it shall expire on Friday, June 18, 2010 @ 5:00 (AM/PM) if the Buyer has not given prior written acceptance. CDT

THE SELLER ACKNOWLEDGES that Seller has read this entire agreement including all addendums, if any, which are made part of this purchase agreement and has received copies thereof.

Seller X: _____    Print Name: Paul C. Weed, Exec. V.P. & Mgr.

Seller X: _____    As Title is Held Print Name: _____

Seller's Address: _____    Phone: _____

Witness X: _____    Realtor: Olivia Ryan    Phone (Off) 251 801-3311    (Other) 251 633-3618

**BUYER'S ACCEPTANCE OF COUNTEROFFER**    Date: _____ , _____ (AM/PM)

22. The Seller's counteroffer as detailed in #21 above is hereby ☐ countered as per attached addendum ☐ accepted as written. Provisions of the original offer not changed by counters remain in effect.

Buyer X: _____    Witness: _____

Buyer X: _____    Witness: _____

This form is intended for the sole use of Realtor members of the Mobile Area Association of REALTORS, Inc.

PAGE 3 OF 3    REVISED 4/07

Case 10-03365  Doc 17  Filed 07/26/10  Entered 07/26/10 16:59:43  Desc Main Document  Page 7 of 7